Citation Nr: 1331554 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 02-20 508 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Scott Walker, Counsel


INTRODUCTION

The Veteran served on active duty from March 1963 to March 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Muskogee, Oklahoma Regional Office (RO) of the Department of Veterans Affairs (VA). In February 2005, the Veteran testified via videoconference before the undersigned Veterans Law Judge. A copy of the hearing transcript (Transcript) has been associated with the record.

In December 2008, the Board remanded the issue of entitlement to a TDIU. In August 2011, the Board again remanded the issue of TDIU for a comprehensive VA examination. The Board notes that the Veteran is now service connected for PTSD with substance abuse and alcoholism, evaluated as 100 percent disabling from October 6, 2011. An October 2012 supplemental statement of the case (SSOC) found that, because the Veteran's PTSD is rated as totally disabling, his TDIU claim was moot. However, the Board noted in its April 2013 decision that the Veteran's TDIU claim was received on May 12, 2003. As such, finding that the issue of entitlement to a TDIU for the earlier time period (erroneously identified as prior to September 3, 2009, instead of October 6, 2011 - exclusive of a temporary total hospitalization rating from October 6, 2009 to December 31, 2009) had not been addressed, the Veteran's detailed employment history had not been assessed, and that a VA examination had not been conducted to determine whether the Veteran was unemployable, due to service-connected disabilities alone, this issue was remanded once again in April 2013. 

In so doing, the Board determined that, with regard to the appellate period during which a total rating has been in effect, a grant of a 100 percent disability does not always render the issue of TDIU moot. VA's duty to maximize a claimant's benefits includes consideration of whether his disabilities establish entitlement to special monthly compensation (SMC) under 38 U.S.C.A. § 1114. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008). Specifically, SMC may be warranted if the Veteran has a 100 percent disability 

rating for a single disability, and VA finds that TDIU is warranted based solely on the disabilities other than the disability that is rated at 100 percent. See Bradley, 22 Vet. App. 280 (analyzing 38 U.S.C.A. § 1114(s)); see also 75 Fed. Reg. 11,229 -04 (March 10, 2010) (withdrawing VAOPGCPREC 6-1999). 

While such a scenario is not likely present here, as no rating exceeds 10 percent aside from his service-connected PTSD, the issue of TDIU is not moot during the period a total schedular rating is in effect and, as such, the Board determined in April 2013 that a remand was necessary to determine whether the Veteran met the criteria for a TDIU from May 2003 to the present.


FINDINGS OF FACT

1. The Veteran is currently service-connected for the following disabilities: PTSD with substance abuse and alcoholism, rated 70 percent disabling prior to October 6, 2011 (exclusive of a temporary total hospitalization rating from October 6, 2009 to December 31, 2009), and 100 percent from that date; tinnitus, rated at 10 percent; and left varicocele, scarring secondary to facial acne, and bilateral hearing loss, each non-compensably rated. His combined rating is 70 percent prior to October 6, 2011 (exclusive of the period October 6, 2009 to December 31, 2009, when a temporary total hospitalization rating was in effect), and 100 percent from that date. 

2. The Veteran meets the schedular requirements of 38 C.F.R. § 4.16(a) for the rating of his disabilities. 

3. The competent and credible evidence establishes that the Veteran's service-connected disabilities preclude him from securing and following substantially gainful employment.



CONCLUSION OF LAW

The criteria for entitlement to a TDIU rating are met during the entire appeal period. 38 U.S.C.A. §§ 1155, 5103, 5107 (West 2002); 38 C.F.R. §§ 3.159, 3.321, 3.340, 3.341, 4.16, 4.25 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013).

The Veteran's TDIU claim is granted in this decision. Therefore, any deficiency with regard to notice or development for the issue of entitlement to TDIU is harmless and non-prejudicial. 

II. Entitlement to a TDIU 

As noted in the prior Board remand, the Veteran contends that his service-connected PTSD, with substance abuse and alcoholism, prevents him from obtaining substantially-gainful employment. The record reflects that the Veteran was granted SSA disability benefits in the early 1990's, primarily due to his physical disabilities. Although his psychiatric problems were noted (and examined at that time), these disabilities did not appear to be the crux of his disability award. Thereafter, the Veteran apparently continued to receive SSA disability benefits. 

In determining whether the Veteran is entitled to a TDIU rating, neither his non-service-connected disabilities nor his advancing age may be considered. Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough for an award of TDIU. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Id. 

A total disability rating may be assigned where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a) (2013). 

Substantially-gainful employment must be reviewed in a practical manner, and mere theoretical ability to engage in substantial gainful employment is not a sufficient basis to deny benefits. The test is whether a particular job is realistically within the physical and mental capabilities of the claimant. Moore v. Derwinski, 1 Vet. App. 356 (1991), Timmerman v. Weinberger, 510 F.2d 439 (8th Cir. 1975):

A veteran's service-connected disabilities, alone, must be sufficiently severe to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training and previous work experience, but not to his age or to any impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19 (2013). 

When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, the reasonable doubt will be resolved in favor of the veteran. Reasonable doubt is one which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. 38 C.F.R. § 3.102 (2013). 

Here, the Veteran satisfies the percentage requirements noted above. The Veteran is service connected for PTSD, rated 70 percent disabling prior to October 6, 2011, and 100 percent from that date forward; tinnitus, rated at 10 percent; and left varicocele, scarring secondary to facial acne, and bilateral hearing loss, each non-compensably rated. His combined rating is 70 percent prior to October 6, 2011, and 100 percent from that date forward. 38 C.F.R. § 4.25, Table I (2013). The temporary total hospitalization rating has been previously mentioned.

As noted, the Veteran contends that he is entitled to a TDIU rating, as his service-connected disabilities, particularly his PTSD, render him unemployable. Therefore, the Board must address whether any service-connected impairment of mind or body is present that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340(a)(1), 4.15 (2013). 

In that regard, he has repeatedly asserted he stopped working in the early 1990's, mostly indicating that this was due to his PTSD. There is, however, a notation in the VA treatment records, in 2002, where the Veteran reported he had to discontinue his therapy due to work schedule conflict. In 2009, he reported he had been fired from his last job because of alcohol abuse. Additionally, received from the Veteran in November 2010 was a letter from his private psychologist, Dr. Rouse, who notes that the Veteran has been unable to work since he started treating him in 2005, but did not specify the disabilities that render him unable to work. 

At the time of the April 2013 Board remand, no examiner had specifically addressed the issue of unemployability in the context of only the Veteran's service-connected disabilities. Prior to that action, the Board found in August 2011 that further development was needed regarding the Veteran's claim for TDIU, and that a medical opinion was needed from a VA examiner, addressing the question of whether the Veteran's service-connected disabilities alone render him unemployable. 

Following individual examinations for each of the Veteran's non-psychiatric disabilities in May and June 2013, each examiner determined that that disability alone did not preclude substantial employment. The May 2013 VA psychiatric report, however, reached a different conclusion. Following a comprehensive examination, and a review of the claims file, the examiner opined that the severity of the Veteran's PTSD symptoms precluded employment. It was further noted that the Veteran's barriers to obtaining and continuing gainful employment include such symptoms as mood lability, limitations to focus and concentration, difficulties tolerating changes to routine, and problems establishing and maintain a trusting relationship with others. The examiner pointed out that these barriers are substantial for the Veteran and have existed, and in some areas worsened, over the prior decade. Although the Veteran pursued higher education, he underachieved given his reported aptitude, and the continuation of this trend was supported by later employment records. Finally, the examiner stated that the Veteran continued to require mental health treatment outside of VA, as well as through VA therapy groups, and substantial support from his immediate family in order to function daily.

Taking the medical evidence of record into account, the Board finds that the Veteran is not capable of performing the physical and mental acts required by employment. Therefore, the Board must determine whether currently-service-connected disabilities alone, to include PTSD, render the Veteran unemployable. Here, the Board is precluded from rendering its own medical conclusions. Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). After a review of the claims file, the Board finds that the most probative medical evidence establishes that the Veteran would be unable to work solely due to his service-connected disabilities. 

Looking again to the standard of whether a particular job is realistically within the physical and mental capabilities of the claimant, the Board finds that determination does not bar a TDIU grant, and that the Veteran's service-connected disabilities, alone, and specifically his PTSD, are sufficiently-severe to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). Even assuming the Veteran were able to find a sedentary job for which he could be trained, the Veteran would still face significant workplace hurdles, such as mood lability, limitations to focus and concentration, difficulties tolerating changes to routine, and problems establishing and maintaining a trusting relationship with others. At the very least, a reasonable doubt arises as to his employability, which must be resolved in favor of the Veteran. 38 C.F.R. § 3.102 (2013). 

The Board finds that the Veteran is not currently able to engage in substantial employment due to impairment caused by service-connected disabilities. Medical evidence demonstrates that he lacks the inability to perform the tasks required by substantial employment. The Board concludes that a total rating for compensation purposes based on individual unemployability due to service-connected disabilities is warranted for the entire appellate period, insofar as it is determined that the Veteran was actually unemployed. There is no date in the one year period prior to the date the claim for TDIU was received that is shown to be the date the Veteran became unemployable due to service-connected disabilities. 38 C.F.R. § 3.400(o)(2). Reasonable doubt has been resolved in favor of the Veteran in making this decision. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted during the entire appeal period, subject to the laws and regulations governing the award of monetary benefit.



____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs