Citation Nr: 1826249 
Decision Date: 04/27/18 Archive Date: 05/07/18

DOCKET NO. 04-38 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Appellant and his Daughter


ATTORNEY FOR THE BOARD

E. Ko, Associate Counsel


INTRODUCTION

The Veteran served periods of active duty for training and inactive duty for training from January 1974 to October 1993 as a member of the Army National Guard. A DD 214 confirms active duty for training service from November 1974 to May 1974. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which granted an initial increased rating for a lumbar spine disability. The Board remanded the case in March 2015 for further development, to include remanding the claim for TDIU for the RO to refer for extraschedular consideration.

In an April 2008 travel board hearing, the Veteran testified before a Veteran's Law Judge who is no longer at the Board. The Veteran was given the option for a new hearing in January 2015 and declined. A transcript of the April 2008 hearing is of record.


FINDING OF FACT

The Veteran's service-connected disabilities do not preclude him from securing and following a substantially gainful occupation.


CONCLUSION OF LAW

The criteria for entitlement to a TDIU, to include on an extraschedular basis, have not been met. 38 U.S.C.A. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 (2017).

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

TDIU

The Veteran is seeking a TDIU based on his service-connected disabilities.

Total disability means that there is present any impairment of mind or body sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340, 415. A substantially gainful occupation has been defined as "employment at which non-disabled individuals earn their livelihood with earnings comparable to the particular occupation in the community where the Veteran resides." M21-1 VA Adjudication Procedure Manual, Part IV.ii.2.F.1.c. (Updated September 24, 2015). It also has been defined as "an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the Veteran actually works and without regard to the Veteran's earned annual income." Faust v. West, 13 Vet. App. 342 (2000). Marginal employment shall not be considered substantially gainful employment. Substantially gainful employment is defined as work that is more than marginal, which permits the individual to earn a "living wage." Id. Marginal employment is defined as an amount of earned annual income that does not exceed the poverty threshold determined by the Census Bureau. 38 C.F.R. § 4.16(a). 

When jobs are not realistically within his physical and mental capabilities, a veteran is determined unable to engage in a substantially gainful occupation. Moore v. Derwinski, 1 Vet. App. 356 (1991). In making this determination, consideration may be given to factors such as the veteran's level of education, special training, and previous work experience, but not to age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993).

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. For the purpose of one 60 percent or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident will be considered as one disability. 38 C.F.R. § 4.16(a). 

The Board notes that the ultimate question of whether a Veteran is capable of substantially gainful employment is not a medical one; that determination is for the adjudicator. Geib v. Shinseki, 773 F.3d 1350, 1354 (Fed. Cir. 2013). Thus, the VA examiners' conclusions are not dispositive. However, the observations of the examiners regarding functional impairment due to the service-connected disability go to the question of physical or mental limitations that may impact his ability to obtain and maintain employment.

As an initial matter, a May 2012 Board decision found that the claim for a TDIU was raised by the record in a January 2005 statement submitted in conjunction with his claim for an increased rating for a lumbar spine disability. The Board found that it had jurisdiction over the issue for a TDIU, because it was part and parcel of the increased rating claim on appeal that was initiated on March 8, 2004. Rice v. Shinseki, 22 Vet. App. 447, 453 (2009). Therefore, the relevant appeal period for the Veteran's TDIU claim is from March 8, 2004.

From March 8, 2004 to September 5, 2005, the Veteran has a combined evaluation of 20 percent: degenerative joint and disc disease of the lumbosacral spine as 20 percent disabling. At a 20 percent combined evaluation, the Veteran's service-connected disability does not render him eligible for a TDIU under the schedular percentage requirements contemplated by VA regulation. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Thus, the schedular criteria have not been satisfied.

From September 6, 2005 to October 26, 2005, the Veteran has a combined evaluation of 40 percent: degenerative joint and disc disease of the lumbosacral spine as 40 percent disabling. At a 40 percent combined evaluation, the Veteran's service-connected disability does not render him eligible for a TDIU under the schedular percentage requirements contemplated by VA regulation. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Thus, the schedular criteria have not been satisfied.

From October 27, 2005, the Veteran has a combined evaluation of 60 percent: degenerative joint and disc disease of the lumbosacral spine as 40 percent disabling, bilateral hearing loss as 30 percent disabling, and tinnitus as 10 percent disabling. At a 60 percent combined evaluation, the Veteran's service-connected disabilities do not render him eligible for a TDIU under the schedular percentage requirements contemplated by VA regulation. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Thus, the schedular criteria have not been satisfied.

Although, throughout the relevant appeal period from March 8, 2004, the Veteran does not meet the schedular criteria for a TDIU, it is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b). Rating boards should refer to the Director of the Compensation and Pension Service for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage requirements set forth in 38 C.F.R. § 4.16(a). The veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be addressed. 38 C.F.R. § 4.16(b). 

As previously discussed in the introduction, the Board remanded the TDIU claim for extraschedular consideration in March 2015. In April 2017, the RO, after receiving a recommendation from the Director of Compensation Services to not grant entitlement on an extraschedular basis, found TDIU was not warranted. 

For the reasons discussed below, the Board finds that the preponderance of the evidence does not demonstrate that a TDIU on an extraschedular basis is warranted. 

A careful review of the record shows that the Veteran worked as a small engine mechanic, truck mechanic, tire repairer, and air conditioner repairer and has an 11th grade education, but no other education or training was noted. See July 2005 Social Security Administration Disability Determination; May 2014 and June 2015 VA Form 21-8940.

In a July 2004 VA examination for the spine, the Veteran reported persistent and ongoing pain, weakness, stiffness, fatigability, and lack of endurance in the mid lumbar region, which were severe at times. He also reported flare ups and using a walker every day. The Veteran could walk less than 200 feet and reported being unsteady and falling every day getting out of bed.

According to VA treatment records from October 2004 to September 2012, the Veteran had low back pain, which limited his occupation and daily activities (i.e., walking and turning), and balance problems due to his back pain. In an April 2011 treatment record, the Veteran asserted that he had fallen multiple times due to the pain and "giving" of his left side. He reported difficulties hearing people when speaking to him across the room and constant roaring in his right ear. 

In a December 2005 VA examination for the spine, the Veteran reported severe chronic pain and stiffness, loss of range of motion, and frequent muscle spasms in his low back. Further, he stated that his low back symptoms were worse with cold weather, bending, standing, or sitting for prolonged periods of time. The Veteran used a cane and could walk half a block. He reported stumbling but not falling.

In a February 2006 statement by R. M. Gudewich, a VA physician, he stated that the Veteran is totally disabled without consideration of any past or present drug and/or alcohol use.

In a December 2006 Social Security Administration Disability Determination, the Veteran was granted Social Security Administration disability benefits due to degenerative disc disease, a rotator cuff tear, the Veteran's advanced age, and his education.

At the April 2008 travel board hearing, the Veteran reported that if he did any physical activity, such as moving the trash can, his back cramped up, he could not bend over, and he was "laid up" for about two or three days afterwards. He reported back ongoing pain and stiffness. His back pain worsened in cold weather. The Veteran also stated that he was incapacitated for about seven days out of a month.

In a January 2010 VA examination for the spine, the Veteran reported ongoing, constant, and persistent pain in the lumbar region, and occasional stiffness, fatigue, and muscle spasms. The pain level varied from 8/10 to 10/10. There were no incapacitating episodes in the past 12 months. He reported flare ups occurring once a week with change in weather, walking for more than half a mile, and physical activities. He stopped all activities during a flare up and stayed in bed. The Veteran could walk unaided, but could not walk more than a mile. He reported being unsteady when getting out of bed, but no falls. He reported difficulties getting out of bed, in and out of the car, and in and out of the bathtub.

In an October 2013 VA audiological examination, the functional impairment of the Veteran's hearing loss and tinnitus were not addressed.

In a June 2014 VA examination for the back, the Veteran reported constant low back pain and stiffness that worsened with walking, standing, lifting, bending, and any physical exertion or work, and difficulties walking up the stairs. He could walk about one block. The Veteran stated that he could not do any physical work, including housework or yard work. Flare ups occurred about once a week, during which the Veteran stayed in bed for the day due to the pain. The examiner noted pain on movement, instability of station, tenderness with guarding of the lumbosacral spine and right paraspinal muscles. The VA examiner found that the Veteran could not work as a mechanic, do any physical labor, or do any prolonged walking, standing, lifting, bending, or stair climbing. The examiner also opined that the Veteran's back disability would not prevent him from performing sedentary employment. 

According to the June 2014 VA audiological examination, the Veteran could not hear people without his hearing aids and had to look at the person speaking due to his bilateral hearing loss. The Veteran's tinnitus affected his ability to hear and to fall asleep. 

In a March 2016 statement by L. Trevino, a lay person, the Veteran's conditions affected his well-being and ability to secure substantially gainful employment, to include keeping a job, finishing important tasks, rapid and major shifts in mood, acting in rage and anger, anxiety, agitation, and suffering from medical and physical conditions. 

In a March 2017 VA memorandum from the Director of Compensation Service, the Director disagreed with the RO's recommendation to grant the Veteran's claim for a TDIU on an extraschedular basis. Taking into account the relevant evidence, the Director stated that the objective medical evidence failed to establish that the Veteran was precluded from employment due to his service-connected back disability. The Director noted that while the Veteran's back disorder, specifically pain and limitation of the lumbar spine, were found to impact his ability to perform his prior employment as a mechanic, it was not shown to preclude sedentary employment. 

The Board can review the decision of the Director with regard to entitlement to a TDIU under 38 C.F.R. § 4.16 (b) and make an independent determination. Anderson v. Shinseki, 22 Vet. App. 423 (2008).

Based on a careful review of the subjective and clinical evidence, the Board finds that the evidence does not reveal factors outside the norm resulting in unemployability. 

The Board recognizes that the Veteran asserts that his service-connected disabilities prevent him from securing or following any substantially gainful employment. However, the available evidence fails to show that the Veteran is precluded from securing or following substantially gainful sedentary employment. Notably, the June 2014 VA examinations, which are based on comprehensive physical examinations, the Veteran's reports of his symptoms, and his medical history, do not support his claim. Additionally, the Board finds that the singular February 2006 VA physician's favorable opinion is inadequate as she did not provide an adequate underlying rationale and it is unclear what medical disabilities she considered in her favorable opinion. Accordingly, the Board finds that the February 2006 VA physician's opinion to have no probative value. While the Board acknowledges that the Veteran has not worked for the past several years and has a limited education, the Board finds that the Veteran has not presented sufficient evidence that his service-connected disabilities are so debilitating as to preclude all forms of employment. 

The Board emphasizes that the rating schedule is intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. To the extent the service-connected disabilities affect the Veteran's employment, the assigned schedular ratings for the disabilities compensate the Veteran for such impairment. Therefore, as the Veteran has not provided any competent and credible evidence that his service-connected disabilities, either singly or combined, prevent him from securing or following any substantially gainful employment, the Board finds that entitlement to a TDIU on an extraschedular basis is not warranted. 38 C.F.R. § 4.16(b). 

In summary, the preponderance of the evidence weighs against finding in favor of the Veteran's claim for a TDIU. Therefore, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Entitlement to a TDIU, include on an extraschedular basis, is denied.



____________________________________________
Lesley A. Rein
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs