**Robert MOORE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–133.

United States Court of Veterans Appeals.

Submitted Sept. 19, 1990.

Decided July 10, 1991.

As amended July 16, 1991.

Robert Moore, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, ASst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington D.C. were on the pleadings, for appellee.

Before MANKIN, IVERS and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

The Court has previously denied a request by appellant for injunctive relief in this case. *Moore v. Derwinski*, 1 Vet.App. 356 (1990). Appellant complains in this appeal of a December 4, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied him a 100–percent service-connected disability rating on the basis of individual unemployability. 38 C.F.R. § 4.16 (1990) (as amended by 55 Fed.Reg. 31580, Aug. 3, 1990); *see also* 38 C.F.R. §§ 3.340, 3.341, 4.19 (1990). There is no dispute that appellant's disabilities are sufficiently severe to satisfy the threshold eligibility requirements for individual unemployability compensation. *See* 38 C.F.R. § 4.16(a). The sole issue before the Board was whether appellant was unemployable. For the reasons stated below we reverse the BVA's finding that "[t]he veteran's service-connected disabilities are not of sufficient severity as to prevent the veteran's pursuit of substantially gainful employment". *Robert Moore*, BVA 89–05770, at 4 (Dec. 4, 1989). Because the record shows that appellant is not capable of substantially gainful employment, he is, therefore, entitled to a total disability rating. The BVA is ordered on remand to determine the proper effective date for appellant's award.

The veteran is currently service connected for:

residuals of fracture of the right acetabulum [the union of the three parts of the hip bone] with dislocation, right hip, assigned a 60 percetn evaluation; residuals of fracture of the L4 and L5, with degenerative, changes, assigned a 40 percent evaluation; fracture deformity, left pubis and ilium [parts of the hip bone], assigned a 20 percent evaluation; fracture deformity, left clavicle, assigned a noncompensable evaluation; and residuals of fracture of the nasal bone, assigned a noncompensable evaluation. His combined schedular evaluation for service-connected disabilities is 90 percent.

*Id.* at 1. The BVA decision mentions no non-service-connected disabilities. *Id.* The veteran holds a master's degree in education and was self-employed "part-time" as a tutor until some time in 1988. *Id.* at 4. Although the BVA made no finding on how much appellant worked or what he earned, according to the veteran's unchallenged statements he earned a total of $8,800 over three yeras. R. at 22, 26. The vteran is approximately 63 years old. *See* R. at 15.

Of record are six statements supporting the veteran. The BVA acknowledged the existence of three of these statements (*Moore*, BVA 89–05770, at 1 (referring to R. 11–13)); the other three statements (R. 8–10) are not even referred to by the BVA. Because these statements are in the record, we must assume that they were before the BVA—nearly all of the record in this case was supplied by the veteran because the Secretary was unable to locate his copy of the record. One of the supporting statements not commented upon was a letter from the veteran's son dated October 22, 1986, wherein it is stated, in part, that:

My father is unable to do any work which requires putting pressure on his legs or hips. He can neither stand for a significant length of time nor walk much distance without causing himself pain in his hip....

R. at 9.

The strongest support for appellant's claim is the report of a Veterans' Administration (now Department of Veterans Affairs (VA)) physician which notes:

He has no motion in the right hip whatsoever.... His hip is made worse by sitting and lifting but no longer dislocates. The pain in the hip is aggravated by rainy and cool weather.... Forward flexion of the lumbar thoracic spine was good only to 20 [degrees]. Backward extension was good only to 20 [degrees].

Lateral flexion was limited to 15 [degrees]. Lateral rotation was limited to 15 [degrees]. All the foot maneuvers were poor. He could not accomplish them. He could not rise or walk on heels or toes. He could not walk in inversion or eversion. He could not walk on the outsides or insides of his foot[; he was] unable to do the tandem style walk[;] he did very poorly on all these maneuvers with great effort and he had a lot of pain. As far as the hips were concerned, both were abnormal. Right hip was virtually motionless.

... He cannot carry groceries without pain.

....

... *It is apparent the veteran cannot work.* He is doing his daily swimming and bicycling only on his own basis which is time limited and he does this to keep himself from being a wheelchair case.

R. at 16–17 (emphasis added).

### The BVA's Determination That The Veteran Is Not Unemployable.

■ Determinations as to degrees of disability are factual findings which may be set aside only if found to be "clearly erroneous". *Lovelace v. Derwinski*, 1 Vet. App. 72, 74 (1990). Put simply, "if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). The BVA found that: "The veteran's service-connected disabilities are not of sufficient severity as to prevent the veteran's pursuit of substantially gainful employment consistent with his work experience and education." *Moore*, BVA 89–05770, at 4. Because we can find no plausible basis for this statement we hold the finding to be clearly erroneous.

The Court has previously commented that the regulations dealing with unemployability compensation are "confusing" and seemingly contradictory. *Hatlestad v.*

*Derwinski*, 1 Vet.App. 164, 168 (1991). The Secretary's explanation does little to allay the Court's confusion:

> While a total rating under the schedular criteria is determined by applying the Schedule for Rating Disabilities based on "average impairment of earning capacity," *see* 38 U.S.C. § 355 [1988], the focus on this generalized standard changes to teh specific individual's circumstances when adjudicating an individual unemployability claim, which involves consideration of an extra-schedular rating. 38 C.F.R. § 4.16.

Appellee's Motion at 4.

■ Whether a subjective or an objective standard is used, there is no plausible basis in this record for the BVA's finding that appellant was able to engage in substantially gainful employment. The BVA's finding appears to be based upon an erroneous view of the law. The BVA lists as evidence that appellant last worked full time in 1982 and that as recently as 1988 he "maintained part-time self-employment as a counselor and tutor". *Moore*, BVA 89–05770, at 4. This is the only evidence that the BVA could point to, aside from appellant's education, to support its finding. The BVA apparently regarded appellant's recent tutoring work as dispositive of his ability to perform substantially gainful employment. It is not. The ability to work only a few hours a day or only sporadically is not the ability to engage in substantially gainful employment. Substantially gainful employment is "that which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." VA Adjudication Manual M21–1 para. 50.55(8). "This suggests a living wage." *Ferraro v. Derwinski*, 1 Vet.App. 326, 331 (1991). *See also Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir.1978); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989).

This approach is in accord with the Secretary's recent amendment to 38 C.F.R. § 4.16(a) which states in part:

> Total disability ratings for compensation may be assigned, where the schedu-

lar rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure *or follow* a substantially gainful occupation as a result of service-connected disabilities.... *Marginal employment shall not be considered substantially gainful employment.* For the purposes of this section, marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person....

55 Fed.Reg. 31580, Aug. 3, 1990 (emphasis added). Although not necessary to our disposition of this case, application of the recent amendment to the present case is appropriate. *Karnas v. Derwinski*, 1 Vet. App. 308, 313 (1991). Toward that end, the Court judicially notices, *see Brannon v. Derwinski*, 1 Vet.App. 314, 316 (1991), that the poverty threshold in 1988 for a single person under age 65 was $6,155, Social Security Bulletin, Annual Statistical Supplement 1989, Table 3.E1. at 123, a figure well above the income reportedly earned by appellant.

As the Court indicated in *Ferraro*, at 333 there is a need for the Secretary to clarify the regulations concerning unemployability. Though we are not yet prepared to impose a Court-created rule upon the BVA, we would suggest to the Secretary that there is much that could be borrowed from the decisions of the United States Circuit Courts of Appeals which have considered the question of whether a social security disability claimant is able to engage in "substantial gainful activity". 42 U.S.C. § 416(i)(1) (1988); 20 C.F.R. §§ 404.1520, 416.920 (1990). We point out in particular the standard announced by the Eighth circuit in *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir.1975):

It is clear that the claimant need not be a total 'basket case' before the courts find that there is an inability to engage in substantial gainful activity. The question must be looked at in a practical manner, and mere theoretical ability to engage in substantial gainful employment is not a sufficient basis to deny benefits. The test is whether a particular job is *realistically* within the physical and mental capabilities of the claimant.

(Citations omitted) (emphasis added).

In conclusion, we can find no plausible basis in the record to support the contention that appellant is able to follow substantially gainful employment as opposed to marginal employment.

The Secretary's motion for summary affirmance is denied and the decision of the BVA is REVERSED and REMANDED for disposition in accordance with this opinion.