Lucy K. SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1209.

United States Court of Veterans Appeals.

Aug. 6, 1992.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Lucy Smith, surviving spouse of veteran Sam Smith, appeals from an August 24, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying her entitlement to special monthly dependency and indemnity compensation (DIC) awarded to claimants who are in need of the regular aid and attendance of another person or do not satisfy the criteria to receive an aid-and-attendance allowance but are housebound. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. For the reasons set forth below, the Secre-

tary's motion will be granted, and the Board's decision will be affirmed.

Under 38 U.S.C. § 1311(c), (d) (formerly § 411), increased DIC is payable to a veteran's surviving spouse who is in need of aid and attendance, or who does not satisfy the requirements to receive aid and attendance, but is housebound. *See* 38 C.F.R. § 3.351(a)(3), (4) (1991). In order for a surviving spouse to qualify for increased compensation based on a need for regular aid and attendance, the claimant must show that he or she is blind, as specified in 38 C.F.R. § 3.351(c)(1) (1991); a patient in a nursing home, as specified in 38 C.F.R. § 3.351(c)(2) (1991); or bedridden or unable to perform normal self-care functions, as specified in 38 C.F.R. § 3.352(a) (1991). "The 'permanently housebound' requirement is met when the surviving spouse is [not afflicted in one of the above three ways but is] substantially confined to his or her home (ward or clinical areas, if institutionalized) or immediate premises by reason of disability or disabilities which it is reasonably certain will remain throughout the surviving spouse's lifetime." 38 C.F.R. § 3.351(e) (1991).

On January 29, 1980, the appellant received an award of DIC based on the service-connected cause of her veteran husband's death. R. at 5. Several insurance claim forms, filled out by the appellant's physician, Dr. Wayne G. Stanley, show that the appellant suffers from diabetes mellitus, hypertension, and goiter (R. at 14–17, 27, 31) and had twice sought treatment for abdominal pain and a urinary tract infection (R. at 27, 31). A December 2, 1989, letter from Dr. Stanley stated: "Mrs. Smith is not homebound nor does she require any assistance, however she is not able to perform any gainful employment at this time, secondary to her hypertension." R. at 21. In an undated letter to the Department of Veterans Affairs (VA) Regional Office, received by VA on February 5, 1990, the appellant stated that she experiences periods of time when she feels "sluggish"; she likened the episodes to "blackouts", and claimed that they recur every six months to a year and leave her "house-

bound". R. at 25. She did not indicate how long the episodes last.

In its August 24, 1990, decision, the BVA found that "while [the appellant] may have occasions when she would appreciate assistance or feel[s] that she is confined to her house or the immediate premises, it is not shown that her disabilities preclude the normal acts required for self-care or her ability to leave her home environment". *Lucy K. Smith*, BVA 90–27250, at 3 (Aug. 24, 1990). The Board concluded that "the appellant does not require the regular aid and attendance of another person" and "does not meet the requirements for housebound benefits". *Smith*, BVA 90–27250, at 4.

■ The Court reviews BVA factfinding under a "clearly erroneous" standard. Under 38 U.S.C. § 7261(a)(4) (formerly § 4061) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990), the Court must set aside a finding of material fact as clearly erroneous when the Court is left with a definite and firm conviction, after reviewing the entire evidence, that a mistake has been committed. The Court may reach that conclusion only if there is no "'plausible basis in the record'" for the BVA findings at issue. *Gilbert*, 1 Vet.App. at 52–53 (quoting *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)); *see Moore (Robert) v. Derwinski*, 1 Vet.App. 356, 358 (1991). Thus, when the Board's factual findings are supported by a "plausible basis" in the record, the Court may not overturn them as clearly erroneous.

The appellant submitted no medical or lay evidence, other than her own statements, to show that she meets the criteria set forth in the statute or regulation for entitlement to an increase in DIC by reason of need for aid and attendance or because she is housebound. In the only other evidence of record relating to confinement in the home or the need for aid and attendance, the appellant's physician has explicitly indicated that she is not housebound or in need of aid and attendance. Therefore,

the Court holds that there existed a plausible basis for the Board's decision.

■ The Board did fail to address expressly the appellant's contention that "sluggishness" or "blackouts" leave her occasionally housebound. However the appellant's description of these episodes does not indicate that she is "substantially confined" to her home, as required by 38 C.F.R. § 3.351(e). Therefore, the Board's discussion does not run afoul· of the requirement in 38 U.S.C. § 7104(d)(1) (formerly § 4004) that the Board must provide an adequate statement of reasons or bases for its findings and conclusions "on all *material* issues of fact and law". (Emphasis added.) *See Gilbert*, 1 Vet.App. at 59. Here the facts alleged regarding occasional blackouts and sluggishness are not "material" because, even if believed, they would not justify a finding that the appellant is housebound under the applicable VA regulation.

Upon consideration of the record, the Secretary's motion, and the appellant's informal brief, the Court holds that the appellant has not demonstrated that the BVA committed error in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert*. The Court further holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is not "reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). Accordingly, the Secretary's motion is granted, and the August 24, 1990, BVA decision is affirmed.

AFFIRMED.