http://www.va.gov/vetapp16/Files5/1639932.txt

Citation Nr: 1639932 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 16-45 705 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio

THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities prior to July 18, 2015.

[The issue of entitlement to payment of or reimbursement for unauthorized medical expenses for treatment at Summa Health System on September 25, 2014, and September 26, 2014, is addressed in a separate decision.]

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

A. Hampton, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1969 to April 1971. This matter comes before the Board of Veterans' Appeals (Board) on appeal of an August 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

Throughout the period on appeal, the Veteran has met the threshold percentage requirements and has been unable to maintain any form of substantially gainful employment consistent with his education and occupational background as a result of his service-connected disabilities.

CONCLUSION OF LAW

The criteria for a TDIU for the period prior to July 18, 2015, have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16, 4.19 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

As explained below, the Board has determined that the evidence currently of record is sufficient to substantiate the Veteran's claim of entitlement to a TDIU. Therefore, no further development is required under 38 U.S.C.A. §§ 5103, 5103A (West 2014) or 38 C.F.R. § 3.159 (2016).

Legal Criteria

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16 (2016). A finding of total disability is appropriate "when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. §§ 3.340(a)(1), 4.15 (2016).

"Substantially gainful employment" is that employment "which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." Moore (Robert) v. Derwinski, 1 Vet. App. 356, 358 (1991). Marginal employment is not considered substantially gainful employment. 38 C.F.R. § 4.16(a) (2016).

In determining whether unemployability exists, consideration may be given to a veteran's level of education, special training, and previous work experience, but not to his age or to any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19 (2016).

TDIU may be assigned when the schedular rating for service-connected disabilities is less than 100 percent when it is found that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age, provided that, if there is only one such disability, it is ratable at 60 percent or more, or, if there are two or more disabilities, there is at least one disability ratable at 40 percent or more and additional disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16 (2016). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2016); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Background and Analysis

By way of background, the Veteran claimed entitlement to a TDIU in October 2010. He contends that his service-connected disabilities prevent him from being able to obtain and maintain a substantially gainful occupation.

Service connection has been established for lung cancer and bronchitis. A 100 percent schedular rating has been in effect for the pulmonary disability from July 18, 2015. Therefore, there is no need to address whether a TDIU is warranted on or after July 18, 2015.

With respect to the period prior to July 18, 2015, a 60 percent rating was in effect for bronchitis or for bronchitis and lung cancer from January 20, 2010, to July 17, 2015. In addition, service connection was in effect for posttraumatic stress disorder (PTSD), rated as 30 percent disabling; ischemic heart disease, rated as 10 percent disabling; tinnitus, rated as 10 percent disabling; bilateral hearing loss, rated as noncompensably disabling; and residuals of a lobectomy scar, rated as noncompensably disabling. The combined rating during the period prior to July 18, 2015, was 80 percent. As such, the Veteran has satisfied the scheduler criteria for a TDIU under 38 C.F.R. § 4.16(a).

After consideration of the record, and resolving all reasonable doubt in favor of the Veteran, the Board finds that the Veteran's service-connected disabilities, particularly his lung cancer, bronchitis, and PTSD, have rendered him unable to maintain any form of substantially gainful employment consistent with his education and occupational background. The record shows that the Veteran worked as a truck driver from March 1993 to December 2009, but has not worked since. The Board notes the Veteran's job involved some degree of manual labor. The record indicates the Veteran completed high school, but did not attend college. 

The Veteran was afforded a VA psychiatric examination in April 2010. The examiner reviewed the Veteran's mental health history and current symptoms, as well as his work history. The Veteran reported that as a truck driver, he worked independently, and this was why he was able to keep his job for so long, but that he would have great difficulty accepting supervision or criticism from others, or working in a confined area, or with a large number of coworkers. The examiner stated that the Veteran's chronic difficulties with energy, motivation, concentration, fatigue, and inner turmoil would lead to occasional missed days from work, as had been the case in the past, as well as some mild reduction in occupational productivity, reliability, efficiency, and work performance. The examiner also diagnosed the Veteran with depression and stated his depression was more likely than not due to his PTSD, and that both conditions should therefore be considered collectively for VA benefits purposes.
 
The Veteran also underwent a VA respiratory examination in April 2010. He reported his chronic bronchitis had worsened over the years. The examiner noted the Veteran had periods of incapacitation 2 or 3 times per year, which included respiratory infections and pneumonia, which required bedrest. The examiner stated the Veteran's recent pulmonary function tests (PFTs) showed he had a severe obstructive ventilatory impairment.

The Veteran was afforded an additional VA respiratory examination in November 2010. The examiner noted the Veteran's recent PFTs showed a severe obstructive ventilatory impairment. The examiner stated the Veteran's bronchitis would affect physical employment, but had no effect on sedentary work. Specifically, the examiner stated that the Veteran's symptoms included bronchospasms, brought on by physical work, which caused him to develop shortness of breath, a chronic cough, weakness, and fatigue.

The Veteran was afforded an additional VA psychiatric examination in November 2010. He reported significant memory problems, for example forgetting to brush his teeth, take showers, turn off the stove, and put gas in the car, and getting lost while driving. He reported having nightmares 2 times per week, difficulty sleeping, detachment from others, and a restricted range of affect. The examiner stated the Veteran's symptoms were more consistent with depression than PTSD. The examiner stated it was his opinion that the Veteran was not able to work due to his memory problems, but that his memory problems were less likely than not due to PTSD. The examiner further stated the Veteran did not meet the criteria for a PTSD diagnosis, and he attributed the Veteran's memory problems to depression, and potentially dementia.

At this juncture, the Board notes that although both the April 2010 and November 2010 VA psychiatric examiners diagnosed the Veteran with depression, the November 2010 examiner found the Veteran did not have PTSD. However, as discussed below, the Veteran underwent additional VA examinations in December 2010 and November 2015, and both examiners confirmed the Veteran's PTSD diagnosis. As such, after weighing the evidence, the Board credits the April 2010 examiner's diagnosis of PTSD, as well as his attribution of the Veteran's depression symptoms to the PTSD.

At his December 2010 VA psychiatric examination, the Veteran first reported that due to his diagnosed chronic obstructive pulmonary disease (COPD), he could no longer work because he "couldn't even breathe anymore." Regarding his psychiatric symptoms, the examiner noted that the Veteran's outpatient VA treatment notes showed he had been diagnosed with dementia, not otherwise specified, in November 2010. The examiner stated the Veteran met the criteria for diagnoses of both PTSD and depression. In particular, the examiner noted the Veteran had a malaise which was sapping his motivation and compromising his ability to deploy attentional resources. The examiner stated that due to the comorbidity of the Veteran's PTSD and depression, the separate functional effects of each disorder could not be differentiated. The examiner found that despite the severity of the Veteran's PTSD symptoms, he had been able to surmount the symptoms so as to sustain employment until losing his job in December 2009 for reasons unrelated to his PTSD. The reasons referenced by the examiner likely relate to the Veteran's statement that his employer went out of business in December 2009.

In a July 2013 statement, the Veteran's wife asserted that his health issues had become more serious than they were before. She stated his PTSD had gotten worse, and he became very irritable when under any kind of stress. She stated that she knew he would never be a candidate for any place of employment or work force. She stated that she had seen in his eyes that he re-lived Vietnam every day of his life.
 
The Veteran was afforded an additional VA respiratory examination in August 2013. The examiner noted the Veteran had been diagnosed with asthma, chronic bronchitis, COPD, and squamous cell carcinoma in the left lung, and that he had a wedge resection for the lung cancer in November 2012. The examiner explained that the Veteran's chronic bronchitis had developed into COPD. The examiner stated that the Veteran's COPD was severe, and that employment was not recommended.

The Veteran was afforded an additional VA respiratory examination in April 2014. Although the examiner stated the Veteran's respiratory condition did not impact his ability to work, the examiner provided no explanation. Due to the severity of the Veteran's respiratory health conditions as demonstrated at the examinations which have already been discussed, the Board finds the April 2014 examiner's finding regarding the Veteran's employability to be without probative value.

The Veteran was afforded an additional VA psychiatric examination in November 2015. The examiner diagnosed the Veteran with PTSD and major depressive disorder. The examiner reviewed the Veteran's psychiatric history and current symptoms and stated that his PTSD would likely cause moderate discomfort when interacting with other people, as well as mildly reduced communication effectiveness. The examiner stated the Veteran's level of concentration problems would likely cause mild work inefficiency and lack of productivity, such as difficulty recalling information. The examiner also stated the Veteran displayed apathy and a depressed mood, both of which would decrease his work efficiency and his ability to cope with workplace stress.

In an April 2016 letter, the Veteran's treating physician at the Cleveland VA Medical Center (VAMC) stated the Veteran was under his care for lung cancer and was undergoing chemotherapy.

The Veteran was afforded an additional VA respiratory examination in July 2016. The examiner noted the Veteran was undergoing chemotherapy and radiation, and stated that his lung cancer would prevent both physical and sedentary employment.

Based upon a careful review of the foregoing, the Board finds that a preponderance of the evidence shows that the Veteran's service-connected disabilities were sufficiently severe during the period prior to July 18, 2015, to render him unable to maintain any form of substantially gainful employment consistent with his limited education and occupational background. In this regard, the Board notes that the Veteran's service-connected respiratory disabilities have been noted to be severe and to affect or preclude physical work at least since his October 2010 claim for a TDIU. In addition, the medical evidence discussed above makes clear that the Veteran's respiratory condition precluded him from both physical and sedentary employment as early as August 2013. Prior to August 2013, the medical evidence shows the Veteran's service-connected psychiatric symptoms included chronic difficulty with energy, motivation, concentration, fatigue, inner turmoil, apathy, malaise, and memory problems, as well as difficulty taking direction from others. The Board notes that although there is some suggestion the Veteran suffers from a form of dementia, as shown in November 2010 VA treatment notes, this diagnosis was not subsequently confirmed or explored by the Veteran's VA examiners. However, the Board notes that the VA examiners in both April 2010 and December 2010 attributed the Veteran's memory problems, at least in part, to his depression, which in turn was attributed to his service-connected PTSD. The Board also notes the Veteran's worked as a truck driver, and his highest level of education is graduation from high school. There is no suggestion in the record that the Veteran has the experience or skills necessary to function effectively in an office setting or otherwise in sedentary employment. In sum, the Board finds that to the extent the Veteran's service connected respiratory conditions have not precluded all forms of employment throughout the period of his claim, his psychiatric symptoms and limited work experience and education have combined to do so.

Based upon a careful review of the foregoing, the Board finds that a preponderance of the evidence shows the Veteran's service-connected disabilities, primarily his lung cancer, bronchitis, and PTSD, have rendered him unable to maintain any form of substantially gainful employment consistent with his limited education and occupational background throughout the period of the claim. Accordingly, granting of a TDIU is warranted. 

ORDER

Entitlement to a TDIU for the period of the claim prior to July 18, 2015, is granted, subject to the criteria applicable to the payment of monetary benefits. 

____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs