Citation Nr: 1829317 
Decision Date: 05/31/18 Archive Date: 06/12/18

DOCKET NO. 13-27 629 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Peter J. Meadows, Attorney


ATTORNEY FOR THE BOARD

P. Poindexter, Associate Counsel 






INTRODUCTION

The appellant is a Veteran who served on active duty from July 1967 to June 1969. This matter is before the Board of Veterans' Appeals (Board) on appeal from a March 2011 rating decision by the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO). In his January 2014 substantive appeal, the Veteran requested a videoconference; in August 2017 correspondence he withdrew the hearing request. A September 2017 Board remand found that the issue of TDIU was raised by the record and remanded the matter for further development. The case is now assigned to the undersigned.


FINDING OF FACT

The Veteran's service connected disabilities of major depressive disorder, rated 70 percent, tinnitus, rated 10 percent and bilateral hearing loss, rated 0 percent are not shown to be of such nature and severity as to prevent him from engaging in substantially gainful employment consistent with his education and occupational experience


CONCLUSION OF LAW

The schedular requirements for a TDIU rating are met, but a TDIU rating is not warranted. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

The Veteran's treatment records have been secured. He was afforded pertinent VA examinations in January 2011, January 2012, August 2012, May 2013 (with January 2013 addendum opinion), February 2015 and October 2016. The AOJ requested the Veteran's SSA records in January 2013 and February 2013. In February 2013 SSA responded that they had no medical records pertaining to the Veteran. The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide this matter, and that no further development of the evidentiary record is necessary. See generally 38 C.F.R. § 3.159 (c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. A duty to assist omission is not alleged.

Legal Criteria, Factual Background, and Analysis

A TDIU rating may be assigned, where the schedular rating is less than total, when a veteran is unable to maintain a substantially gainful occupation as a result of service connected disability. 38 C.F.R. §§ 3.340, 3.341, 4.16. If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).
In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training, and previous work experience, but age and impairment caused by nonservice-connected disabilities are not factors for consideration. 38 C.F.R. §§ 3.341, 4.16, 4.19.
"Substantially gainful employment" is that employment "which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). Under 38 C.F.R. § 4.16 (a), "marginal employment shall not be considered substantially gainful employment."
The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain and keep employment. The dispositive question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment.
VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
The Veteran's service-connected disabilities include major depressive disorder, rated 70 percent, tinnitus, rated 10 percent and bilateral hearing loss, rated 0 percent. Therefore, the 38 C.F.R. § 4.16(a) schedular rating requirement for a TDIU rating is met. The remaining (and dispositive) question is whether his service-connected disabilities render him incapable of maintaining regular substantially gainful occupation consistent with his education and work experience.
The Veteran has reported that he completed a GED. Following service, he worked in a factory as a "lay-out man" for 15 years, before becoming a self-employed truck driver. See March 2012 VA Form 21-8940. He reported that he last worked full-time in January 2007.
On January 2011 VA audiological examination, the diagnoses were bilateral mild sloping to moderately severe sensorineural hearing loss and tinnitus. The Veteran reported difficulty concentrating, reading and understanding speech on TV and in conversation. 

On January 2012 VA Mental Disorders DBQ, the diagnosis was mood disorder due to tinnitus, with major depressive like episode. The Veteran reported he stopped working in 2007 due to shoulder surgery. He indicated that when he was working, his mental health symptoms interfered with his work, and that Valium was prescribed to help him cope with the symptoms. It was noted that the Veteran's degree of impairment was best summarized as occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks although generally functioning satisfactorily with normal routine behavior self-care and conversation. 

On August 2012 VA Mental Disorders DBQ, the diagnosis was mood disorder secondary to medical conditions. The Veteran reported being unemployed for three years. He reported that he stopped working as a truck driver due to a shoulder surgery and slow heart rate. He stated that he tried to work as a truck driver but did not receive the medical clearance necessary due to his medications. He reported difficulty finding work due to his age and the poor economy. It was noted that the Veteran's degree of impairment was best summarized as occupational and social impairment with reduced reliability and productivity. In an January 2013 addendum, the examiner opined that the Veteran's unemployability is due to medical issues and not related to his mental health diagnosis. 

A May 2013 VA treatment record notes the Veteran reported that he is denied employment once employers learn he takes sertraline (for depression). He also reported that his age is a factor in his unemployability. 

On February 2015 and October 2016 VA Mental Disorders DBQ, the diagnoses were major depressive disorder and cannabis use disorder. It was noted that that Veteran was receiving treatment for chronic pain and had previously indicated that he stopped working due to shoulder surgery and prescribed medications. He reported that he occasionally works on lawn mowers and golf carts. It was noted that the Veteran's degree of impairment was best summarized as occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood. 

August 2016 to June 2017 VA treatment records note a diagnosis of major depressive disorder, without psychosis, in remission. The Veteran reported that he repairs golf carts and lawn mowers around his neighborhood. He reported difficulty working without taking medication for his hip and back pain. 

The record does not reflect that the Veteran is unable to obtain and retain substantially gainful employment due to his service-connected disabilities. Although he is shown to have some occupational impairment due to his service-connected disabilities (most notably major depressive disorder), such impairment is encompassed by the schedular rating assigned. When he stopped working as a truck driver, he initially indicated that it was due to his shoulder surgery and a slow heart rate; later he reported difficulty finding work due to such factors as his prescription medication, age, and the economy. No examiner has opined that the Veteran's service connected disabilities preclude his participation in substantially gainful employment; VA examiners have noted the Veteran's history of chronic back, hip and shoulder pain (and in a January 2013 addendum opinion, an examiner opined that the Veteran's unemployability was due to medical issues and was unrelated to his mental health diagnosis). The Veteran's back, hip and shoulder pain are not service-connected, and may not be considered in determining whether he is entitled to a TDIU rating. Notably, the record shows that the Veteran still works (albeit sporadically) repairing lawn mower and golf carts. While he reports some difficulty with such work, he relates it to his medical/physical disabilities. The record provides no indication that due to his psychiatric disability he would be incapable of maintaining regular employment of a nature consistent with the type of work he now engages in on a sporadic/part-time basis.

The Board has considered the Veteran's statements in support of this claim, and acknowledges that his service connected disability may impact on certain types of employment, particularly those that are mentally challenging. However, the preponderance of the evidence is against a finding that his service-connected disabilities, alone, prevent him from participating in regular substantially gainful employment consistent with his occupational experience. 


ORDER

A TDIU rating is denied.


____________________________________________
George R. Senyk 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs