﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/18 Archive Date: 11/26/18

DOCKET NO. 180813-574
DATE: November 27, 2018
ORDER
The claim of entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted. 
FINDING OF FACT
Resolving all doubt in favor of the Veteran, he is unable to secure and maintain substantially gainful employment due to service-connected disabilities. 
CONCLUSION OF LAW
The criteria for entitlement to a TDIU are met from February 28, 2016. 38 U.S.C. § 1155, 5107; 38 C.F.R. §§ 3.102, 4.3, 4.16. 
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had honorable active duty service with the United States Air Force from November 1961 to July 1982. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 
Entitlement to TDIU
The Veteran contends that he is unable to work due to the symptomatology associated with his service-connected disabilities. After a thorough review of the evidence, the Board of Veterans’ Appeals (Board) concludes that the Veteran’s service-connected disabilities prevent him from obtaining and maintaining substantially gainful employment. 
Entitlement to a TDIU requires the presence of impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. See 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is “whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” See Hatlestead v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran’s level of education, special training and previous work experience in arriving at a conclusion, but not to age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19. 
Substantially gainful employment must be reviewed in a practical manner, and mere theoretical ability to engage in substantial gainful employment is not a sufficient basis to deny benefits. The test is whether a particular job is realistically within the physical and mental capabilities of the claimant. Moore v. Derwinski, 1 Vet. App. 356 (1991), Timmerman v. Weinberger, 510 F.2d 439 (8th Cir. 1975). 
Where the schedular rating is less than total, a total disability rating for compensation purposes may be assigned when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 
The Veteran is service-connected for the following disabilities: idiopathic seizure disorder (rated 10 percent from August 1, 1982, and increased to 40 percent, effective as of February 28, 2016); intervertebral disc syndrome (IVDS) of the cervical spine (rated 10 percent from August 1, 1982); left upper extremity radiculopathy associated with IVDS of the cervical spine (rated 20 percent from April 25, 2011); diabetes mellitus (rated 20 percent from February 28, 2016); diabetic neuropathy (rated 30 percent from February 28, 2016); and, bilateral hearing loss (rated 0 percent from January 12, 2011). The Veteran has a combined rating of 80 percent from February 28, 2016, and meets the schedular criteria for TDIU as of that date. 
On the Veteran’s VA Form 21-8940, Application for Increased Compensation Based on Unemployability, received in July 2017, he reported that he last worked full-time in 2011. He identified his sole prior employment as an automotive technician. The Veteran reported that he had completed four years of high school. 
Additional information gleaned from the claims file indicates that the Veteran last worked in 2013 as an automotive technician, and that he worked in this profession for over 20 years. 
In November 2017, VA received employment information from one of the Veteran’s former employers. This employer indicated that the Veteran worked from December 2011 to March 2013 as an automotive technician, before being laid off due to lack of work. No concessions were made based on disability, and the Veteran had not retired due to disability. 
A November 2010 VA treatment record shows that the Veteran reported experiencing garbled speech and that he had been suffering from headaches for several weeks. As a result of these symptoms, the Veteran reported that he went to the emergency room at the VA medical facility (VAMC) in Kodiak where he underwent a computed tomography (CT) scan, which revealed a clot in his brain. He was then sent to the VAMC in Providence for further treatment. The Veteran reported that since his discharge, he was not able to work much, indicating that he experienced difficulty with his vision and his speech. 
A January 2011 VA treatment record shows that the Veteran was seen for a follow-up appointment after his November 2010 hospitalization. The examiner noted that the November 2010 hospitalization was for a subdural hematoma. The Veteran reported that since the time of his hospitalization, he had noticed abnormal symptoms, including tremor of his hands, which typically occurred from 10am to 2pm, and prevented him from performing his job as an automotive technician. As indicated in the March 2011 VA examination report discussed below, the Veteran’s subdural hematoma appears to be related to his service-connected seizure disorder. 
In March 2011, the Veteran underwent a VA examination for his service-connected seizure disorder. The Veteran reported that he had been working as an automotive technician for more than 20 years. He further reported that during the last 12-month period, he had accumulated three to four months of lost time from work due to his seizures and accompanying symptoms. The examiner diagnosed the Veteran with idiopathic seizure disorder and subdural hematoma with symptoms of another seizure disorder. The examiner noted that the Veteran’s condition had significant effects on his usual occupation, resulting in increased absenteeism. The examiner indicated that the Veteran’s seizure disorder caused memory loss, decreased concentration, decreased mobility, decreased manual dexterity, problems with lifting and carrying, difficulty reaching, speech difficulty, lack of stamina, weakness or fatigue, and decreased strength in the upper extremity and lower extremity. The examiner noted that the Veteran reported that he had to limit his work because he was unable to perform the duties of his job. 
In October 2011, the Veteran underwent a VA examination for his service-connected cervical spine. The examiner noted that the Veteran’s cervical spine disability impacted his ability to work. The examiner indicated that the Veteran was unable to lift his arms without experiencing pain. 
In February 2012, the Veteran underwent another VA examination for his cervical spine. The examiner noted that the pain and stiffness of the Veteran’s neck made it difficult for him to work as a mechanic, which required movements of the neck. 
In February 2017, the Veteran underwent further VA examination in relation to his service-connected seizure disorder. The examiner noted that the approximate date of the Veteran’s first seizure was in 1968, and that his most recent seizure activity was on February 8, 2017. The examiner further noted that the Veteran had suffered two or more minor seizures in the past six months, with a frequency of five to eight per week. The examiner concluded that the Veteran’s seizure disorder impacted his ability to work, as his condition leaves him unable to drive. 
Based on consideration of the cumulative record, the Board concludes that the Veteran is unable to obtain or maintain substantially gainful employment consistent with his educational level and prior work experience. The Veteran has a limited education. His work history since separation from service has consisted of physical labor, as his sole prior employment has been as an automotive technician. Physical findings noted in the various treatment records and VA examinations indicate that the Veteran is limited from such physically demanding work due to his service-connected seizure disorder and cervical spine disability. 

(CONTINUED ON NEXT PAGE)
Resolving all reasonable doubt in the Veteran’s favor, the Board finds that his service-connected disabilities would be reasonably likely to preclude substantially gainful employment. Entitlement to a TDIU is warranted from February 28, 2016, the date the schedular criteria for a TDIU are met. 
 
B. MULLINS
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Y. MacDonald, Associate Counsel