﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190513-5579
DATE: October 31, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied. 

REMANDED

Entitlement to service connection, to include on a secondary basis, for thoracolumbar spine degenerative arthritis with discogenic disease and facet arthropathy (hereinafter “lumbar spine disability”) is remanded. 

Entitlement to service connection, to include on a secondary basis, for lumbar radiculopathy, left lower extremity, is remanded.

Entitlement to service connection, to include on a secondary basis, for left ankle disorder, to include left ankle pain, is remanded.

Entitlement to service connection, to include on a secondary basis, for left foot disorder, to include left foot pain, is remanded. 

FINDING OF FACT

The Veteran’s service-connected connected disabilities do not preclude him from securing and following a substantially gainful occupation consistent with his education and work experience.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from April 1984 to January 1988. These matters come before the Board of Veterans’ Appeals (Board) on appeal from June 2017 and July 2018 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The agency of original jurisdiction (AOJ) issued a statement of the case (SOC) in March 2019 and the Veteran opted in to the AMA review system by submitting a timely Decision Review Request: Board Appeal (Notice of Disagreement) form (VA Form 10182) in May 2019. The Veteran requested direct review of the evidence considered by the AOJ. Accordingly, the Board will consider the evidence of record as of the date of the March 2019 SOC.

TDIU

It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated as totally disabled. 38 C.F.R. § 4.16 (2018). Substantially gainful employment is employment that is ordinarily followed by the nondisabled to earn their livelihoods with earnings common to the particular occupation in the community where the veteran resides. Moore v. Derwinski, 1 Vet. App. 356 (1991). Marginal employment will not be considered substantially gainful employment. 38 C.F.R. § 4.16(a) (2018). The Board must evaluate whether there are circumstances in the Veteran’s case, apart from any non-service-connected condition and advancing age, which would justify a total rating based on individual unemployability due solely to the service-connected conditions. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993); see also Blackburn v. Brown, 5 Vet. App. 375 (1993).

The regulations provide that if there is only one such disability, it must be rated at 60 percent or more; and if there are two or more disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. Disabilities resulting from common etiology or a single accident or disabilities affecting a single body system will be considered as one disability for the above purposes of one 60 percent disability or one 40 percent disability. 38 C.F.R. § 4.16(a) (2018).

Entitlement to a TDIU

The Veteran asserts that his service-connected right and left knee disabilities preclude him from following a substantially gainful occupation consistent with his education and work experience. At the time the Veteran filed his March 2018 claim for entitlement to a TDIU, his left knee degenerative arthritis was rated 10 percent disabling; his right knee degenerative arthritis was rated 10 percent disabling; and his left knee degenerative arthritis (limitation of extension) was rated noncompensable, for a combined disability rating of 20 percent. Here, the Veteran does not meet the criteria for schedular consideration of a TDIU. 38 C.F.R. § 4.16(a). Accordingly, the claim for a TDIU is denied.

In reaching this decision, the Board considered only evidence that is allowed under the Direct Review process. If the Veteran prevails on the remanded issues, he may raise entitlement to a TDIU with respect to rating those disabilities that are granted. He may also file a supplemental claim with the AOJ within one year of this decision to preserve the effective date of the TDIU claim.

REASONS FOR REMAND

1. The claims of entitlement to service connection, to include on a secondary basis, for lumbar spine disability and left ankle disorder, to include left ankle pain, are remanded.

The issues of entitlement to service connection for lumbar spine disability and entitlement to service connection for left ankle disorder are remanded to correct a duty to assist error that occurred prior to the June 2017 rating decision on appeal. The Veteran contends that his lumbar spine disability and his left ankle disorder are caused or aggravated by his service-connected bilateral knee disabilities. He was afforded VA examinations in May 2017. However, the AOJ did not obtain VA medical opinions prior to the June 2017 rating decision on appeal regarding whether the Veteran’s lumbar spine disability and left ankle disorder are caused or aggravated by his service-connected bilateral knee disabilities. Based on the evidence associated with the claims file prior to the June 2017 rating decision, the Board finds that VA medical opinions are required to determine whether the Veteran’s lumbar spine disability and left ankle disorder are caused or aggravated by his service-connected bilateral knee disabilities.

2. Entitlement to service connection, to include on a secondary basis, for lumbar radiculopathy, left lower extremity, is remanded.

The Veteran asserts that his lumbar spine disability caused or aggravated his lumbar radiculopathy, left lower extremity. The Board notes that the Veteran’s claim for service connection for lumbar radiculopathy, left lower extremity, is inextricably intertwined with his claim for service connection for lumbar spine disability. Thus, adjudication should be deferred pending the development ordered on remand. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that issues are inextricably intertwined and must be considered together when a decision concerning one could have a significant impact on the other).

3. Entitlement to service connection, to include on a secondary basis, for left foot disorder, to include left foot pain, is remanded.

The Veteran asserts his left ankle disorder caused or aggravated his left foot disorder. The Board notes that the Veteran’s claim for service connection for left foot disorder is inextricably intertwined with his claim for service connection for left ankle disorder. Thus, adjudication should be deferred pending the development ordered on remand. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

The matters are REMANDED for the following action:

1. Send the Veteran’s claims file to an appropriate medical professional to obtain an addendum opinion regarding the etiology of the Veteran’s lumbar spine disability. The Veteran’s electronic claims file must be made accessible to the designated professional for review. A detailed rationale for any opinion expressed should be provided. 

Following the review of the claims file, the medical opinion provider is then requested to respond to the following: 

a) Is it at least as likely as not (a 50 percent probability or greater) that Veteran’s lumbar spine disability is proximately due to or caused by a service-connected disability, to include right and left knee disabilities? 

b) Is at least as likely as not (a 50 percent probability or greater) that the Veteran’s lumbar spine disability has been aggravated (made worse beyond its natural progression) by a service-connected disability, to include right and left knee disabilities? If aggravation is found, the examiner should attempt to quantify the degree of additional disability resulting from the aggravation. 

If the requested opinions cannot be provided without a new examination, one should be scheduled.

2. Send the Veteran’s claims file to an appropriate medical professional to obtain an addendum opinion regarding the etiology of the Veteran’s left ankle disorder. The Veteran’s electronic claims file must be made accessible to the designated professional for review. A detailed rationale for any opinion expressed should be provided. 

Following the review of the claims file, the medical opinion provider is then requested to respond to the following: 

a) Is it at least as likely as not (a 50 percent probability or greater) that the Veteran’s left ankle disorder is proximately due to or caused by a service-connected disability, to include right and left knee disabilities? 

b) Is at least as likely as not (a 50 percent probability or greater) that the Veteran’s left ankle disorder has been aggravated (made worse beyond its natural progression) by a service-connected disability, to include right and left knee disabilities? If aggravation is found, the examiner should attempt to quantify the degree of additional disability resulting from the aggravation. 

If the requested opinions cannot be provided without a new examination, one should be scheduled.

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.