﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 181204-1217
DATE: November 29, 2019

ORDER

From August 16, 2011, entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is granted.

Prior to July 12, 2013, entitlement to special monthly compensation under 38 U.S.C. § 1114(s) is denied.

From August 16, 2011, basic eligibility to Chapter 35 Dependents’ Educational Assistance is granted.

REMANDED

Service connection for erectile dysfunction is remanded.

Entitlement to an effective date prior to August 16, 2011 for the award of a TDIU is remanded.

Entitlement to an effective date prior to August 16, 2011 for basic eligibility to Chapter 35 Dependents’ Educational Assistance is remanded.

FINDINGS OF FACT

1. The Veteran raised a claim for a TDIU during March 18, 2011 hearing testimony.

2. Prior to August 16, 2011, the Veteran did not meet the percentage requirements for a TDIU under 38 C.F.R. § 4.16 (a). 

3. From August 16, 2011, the Veteran met the percentage requirements for a TDIU under 38 C.F.R. § 4.16 (a) and has been unable to secure or follow gainful or more than marginal employment due to service-connected disabilities.

4. Prior to July 12, 2013, the Veteran did not have a 100 percent rating plus an additional service-connected disability independently ratable at 60 percent or more.

5. From August 16, 2011, the Veteran is in receipt of a total rating based on service-connected disabilities which were permanent in nature. 

CONCLUSIONS OF LAW

1. From August 16, 2011, the criteria entitlement to a total disability rating based on individual unemployability have been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.321, 3.340, 3.341, 4.16 (2018).

2. Prior to July 12, 2013, the criteria for entitlement to special monthly compensation under 38 U.S.C. § 1114(s) have not been met. 38 U.S.C. § 1114 (s) (2012); 38 C.F.R. § 3.350 (i) (2018).

3. From August 16, 2011, the criteria for basic eligibility to Chapter 35 Dependents’ Educational Assistance have been met. 38 U.S.C. § 3501 (2012); 38 C.F.R. § 3.340 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

1. Entitlement to a total disability rating based on individual unemployability from August 16, 2011

Except as otherwise provided, the effective date of an evaluation and award for pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110 (a) (2012); 38 C.F.R. § 3.400 (2018). 

A TDIU was granted from July 12, 2013. The Veteran’s representative contends in a February 2017 statement that an effective date of March 18, 2011 is warranted for a TDIU. She contends that the Veteran raised a claim for a TDIU during March 18, 2011 hearing testimony and that service connection for a back disability was also granted from the March 18, 2011 date. 

The record shows that the Veteran was afforded a Board hearing in conjunction with a prior claim for an increased rating for his left knee. He testified in March 18, 2011 that due to his left knee and back, he had lost 30 to 40 jobs since 2000, that he required frequent breaks due to the left knee, and he testified that he could not hold a job and could not sit for long periods of time due to his knee. Resolving reasonable doubt in favor of the Veteran, the Board finds that the Veteran reasonably raised a claim for a TDIU during March 18, 2011 Board hearing testimony. 

TDIU ratings may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § § 3.340, 3.341, 4.16(a). For the purpose of one 60 percent or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident will be considered as one disability. 38 C.F.R. § 4.16 (a). Even when the percentage requirements are not met, entitlement to a total rating, on an extraschedular basis, may nonetheless be granted, in exceptional cases, when the veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. § § 3.321 (b), 4.16(b). 

Substantially gainful employment is defined as work which is more than marginal and which permits the individual to earn a living wage. Moore v. Derwinski, 1 Vet. App. 356 (1991). In evaluating a veteran’s employability, consideration may be given to his or her level of education, special training, and previous work experience in arriving at a conclusion, but not to age or impairment caused by nonservice-connected disabilities. 38 C.F.R. § § 3.341, 4.16, 4.19. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. 38 C.F.R. § 4.16 (a).

The Veteran had a combined 50 percent disability rating from March 18, 2011. From March 18, 2011 to August 16, 2011, the Veteran did not meet the percentage requirements for a TDIU under 38 C.F.R. § 4.16 (a).

For the appeal period from August 16, 2011 to July 11, 2013, the Veteran was in receipt of a combined 60 percent disability rating. He was in receipt of a 20 percent rating for a left knee anterior cruciate ligament injury, a separate 10 percent rating for left knee osteoarthritis, and more recently, he was awarded service connection for lumbosacral strain from March 18, 2011, rated at 20 percent with left and right lower extremity sciatica, each rated at 10 percent. The record shows that the Veteran’s service-connected disabilities resulted from a common etiology or a single accident as lumbosacral strain was service-connected as secondary to his left knee disability. Therefore, his disabilities are considered as one disability and from August 16, 2011, he has met the percentage requirements for a total disability rating based on individual unemployability. 38 C.F.R. § 4.16 (a)

Application of a TDIU from August 16, 2011 is appropriate so long as the severity of the Veteran’s service-connected disabilities warrant such a rating during the appeal period. See 38 C.F.R. § § 3.340, 3.341, 4.16(a). The next step is to determine whether the Veteran was unemployable due to service-connected disabilities. 38 C.F.R. § § 3.340 (a)(1), 4.15 (2018). The Board finds that for the entire appeal period, the Veteran has not been able to secure and follow gainful or more than marginal employment due to his combination of service-connected disabilities. 

A November 2014 Application for Increased Compensation Based on Unemployability shows that the Veteran has a high school education and has not worked since 2010. Prior to that, the Veteran worked part time as a cook. 

The weight of the evidence shows that for the appeal period from August 16, 2011 to July 11, 2013, the Veteran was not capable of maintaining gainful, more than marginal employment, due to service-connected disabilities. A January 2019 vocational assessment completed by B.C. at Vargas Vocational Consulting indicates, based on a review of the record to include VA examinations and an interview of the Veteran, that he was unable to follow substantially gainful employment since 2009 due to his service-connected left knee disability. She noted the Veteran’s limitations to prolonged sitting and standing, and noted the Veteran’s attempts to work in 2010. However, due to severe functional limitations, the Veteran was only able to maintain work for a couple of months. The Board finds that the evaluation and opinion provided by the vocational consultant is probative and supported by evidence of record. Resolving all reasonable doubt in favor of the Veteran, the Board finds that for the appeal period from August 16, 2011, he is not able to secure or follow gainful or more than marginal employment due to a combination of his service-connected disabilities. Accordingly, from August 16, 2011, a TDIU is granted.

2. Entitlement to special monthly compensation under 38 U.S.C. § 1114(s) prior to July 12, 2013

Special monthly compensation is payable for being permanently housebound by reason of a service-connected disability or disabilities. This requirement is met when the Veteran has a single service-connected disability rated at 100 percent and (1) another service-connected disability rated at 60 percent or more, or (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114 (s) (2012); 38 C.F.R. § 3.350 (i) (2018). 

Special monthly compensation under 38 U.S.C. § 1114(s) was granted in October 2016 based on the initial award of a TDIU, and the additional award of service-connection for depressive disorder ratable at more than 60 percent. 

Pursuant to this decision, a TDIU was granted based a combination of the Veteran’s service-connected disabilities from August 16, 2011. The Veteran had a combined 50 percent disability rating from March 18, 2011 based on his back and knee disabilities, and from August 16, 2011 to July 11, 2013, he was in receipt of a combined 60 percent disability rating.

The Board finds that prior to July 12, 2013, while the Veteran has been assigned a TDIU based on a combination of service-connected back and knee disabilities, he did not have an additional service-connected disability independently ratable at 60 percent or more. Accordingly, the Board finds that prior to July 12, 2013, special monthly compensation is not warranted based on a total plus 60 percent rating under the provisions of 38 U.S.C. § 1114 (s). The Veteran is not otherwise shown to be housebound due to service-connected disabilities. 

3. Basic eligibility to Chapter 35 Dependents’ Educational Assistance from August 16, 2011 

Basic eligibility for certification of Dependents’ Educational Assistance can be met for the spouse, surviving spouse, or child of a Veteran, if the Veteran has a permanent, total service-connected disability. 38 U.S.C. § 3501. Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340 (a)(1). 

Basic eligibility to Dependents’ Educational Assistance was granted from July 12, 2013 without application from the Veteran based evidence of showing that he had a total rating based on service-connected disabilities which was permanent in nature. Pursuant to this decision, the Board has granted a TDIU from the earlier date of August 16, 2011. Accordingly, the Board finds that from August 16, 2011, basic eligibility to Dependents’ Educational Assistance has been met. 

REASONS FOR REMAND

1. Service connection for erectile dysfunction is remanded.

The Veteran contends that service connecting for erectile dysfunction is warranted as secondary to his service-connected disabilities. A March 2017 VA medical opinion addressed the question of whether erectile dysfunction was due to or the result of the Veteran’s service-connected knees, hip, or depressive disorder, to include his medications, but did not address the question of aggravation. Additionally, during the pendency of the appeal, the Veteran was service-connected for a lumbar spine disability and sciatica in the bilateral lower extremitas. Accordingly, a remand for an addendum opinion is warranted.

2. Entitlement to a TDIU prior to August 16, 2011 is remanded.

Prior to August 16, 2011, the Veteran’s service-connected disabilities did not meet the schedular requirements for TDIU under 38 C.F.R. § 4.16 (a). Under 38 C.F.R. § 4.16 (b), if a claimant’s service-connected disabilities do not meet the percentage requirements of section 4.16 (a), but the claimant is unable to secure and follow a substantially gainful occupation by reason of such service-connected disability, the rating board must submit the case to the Director of VA’s Compensation Service for consideration of entitlement to a TDIU rating. 

The Veteran’s representative contends in a February 2017 statement that an effective date of March 18, 2011 is warranted for a TDIU. A January 2019 vocational assessment has been submitted in support of the claim. Thus, the claim for TDIU is being remanded and referred to VA’s Director of Compensation Service for consideration under 38 C.F.R. § 4.16 (b).

3. Basic eligibility to Dependents’ Educational Assistance under 38 U.S.C. Chapter 35 prior to August 16, 2011 is remanded.

Basic eligibility to Dependents’ Educational Assistance was initially granted based evidence of showing that the Veteran had a total rating based on service-connected disabilities which was permanent in nature. The Board finds, therefore, that the issue of entitlement to an effective date prior to August 16, 2011 for eligibility to Dependents’ Educational Assistance is inextricably intertwined to the issue of entitlement to a TDIU prior to August 16, 2011. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s erectile dysfunction is at least as likely as not proximately due to or aggravated beyond its natural progression by the Veteran’s service-connected disabilities and/or medications used to treat his service-connected disabilities (to include depressive disorder, left and right knee disabilities, a right hip disability, a lumbar spine disability, and sciatica). 

2. Refer the Veteran’s claim for TDIU prior to August 16, 2011 to VA’s Director of Compensation Service for consideration under 38 C.F.R. § 4.16 (b).

(Continued on the next page)

 

3. Thereafter, readjudicate the issues on appeal, including the inextricably intertwined issue of entitlement to an effective date prior to August 16, 2011 for basic eligibility to Chapter 35 Dependents’ Educational Assistance. If the benefit sought is not granted to the Veteran’s satisfaction, send the Veteran and his representative a Supplemental Statement of the Case and provide an opportunity to respond. If necessary, return the case to the Board for further appellate review.

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christine C. Kung

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.