﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201116-120732
DATE: February 26, 2021

ORDER

Entitlement to a disability rating in excess of 70 percent for posttraumatic stress disorder (PTSD) is denied.

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied. 

FINDINGS OF FACT

1. The severity, frequency, and duration of the Veteran’s symptoms did not more closely approximate total occupational and social impairment.

2. The evidence of record does not show that the Veteran was unable to obtain or maintain substantially gainful employment as a result of service-connected disabilities.

CONCLUSIONS OF LAW

The criteria for a disability rating in excess of 70 percent for posttraumatic stress disorder have not been met. 38 U.S.C. §§ 1155, 5103A, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9411 (2019).

1. The criteria for entitlement to a TDIU have not been met. 38 U.S.C. §§ 1155, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16, 4.18, 4.19 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from March 1962 to October 1966.

In the November 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. The rating decision on appeal was issued in November 2019. Therefore, the November 2020 evidence submission of a June 2020 vocational assessment may not be considered.

In his November 11, 2020 letter, the Veteran’s representative indicates the Veteran has continuously pursued entitlement to TDIU since November 14, 2012. The Board notes that the appeal of the April 2015 rating decision that denied TDIU was not perfected. While a notice of disagreement was filed in July 2015, a statement of the case was issued in August 2018. In November 2018, the Veteran filed a substantive appeal but only for another issue and the determination of entitlement was not timely appealed. 

In January 2019, the Veteran file a motion for revision or reversal of the decision in the August 2018 statement of the case relevant to the denial of a TDIU on the basis of clear and unmistakable error. The Veteran then filed a supplemental claim for a TDIU that was incomplete. The Veteran then filed another supplemental claim in February 2019 indicating that the issue of a TDIU was part of the pending claim for an increased rating for PTSD. A new rating decision was issued in April 2019 based on the Veteran’s January 2019 motion for revision. That rating decision was appealed by a May 2019 VA Form 10182, Decision Review Request, which will be addressed in a separate decision. 

A claim for TDIU was filed in August 2019, which led to the appeal at issue here.

1. Entitlement to a rating in excess of 70 percent for PTSD from August 13, 2019 

The Veteran submitted a claim for TDIU in August 2019 contending that the Veteran’s service-connected PTSD prevents him from securing or following any substantially gainful occupation. A November 2019 rating decision continued the Veteran’s 70 percent rating for PTSD and denied the Veteran’s claim for TDIU.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

The issue in this appeal is whether the Veteran’s associated symptoms caused the level of impairment required for a disability rating of 100 percent.

The Board concludes that the Veteran’s symptoms do not cause the level of impairment required for a disability rating of 100 percent. The Veteran’s symptoms more closely approximate the symptoms associated with a 70 percent rating, and result in a level of impairment that most closely approximates the level of impairment associated with a 70 percent rating.

A 100 percent rating is assigned for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name.

VA Treatment records from July 2018 to September 2019 reflect the Veteran endorsed the following symptoms: low interest and motivation, difficulty concentrating, irritability, restlessness, recurrent and intrusive thoughts, nightmares, flashbacks, avoidance, persistent negative emotions, diminished interest in activities, detachment, poor concentration, poor sleep, and hypervigilance. His mental status exams during this time frame consistently indicated fair judgement and insight. The records reflect the Veteran struggled with his mood but reported improvement at times and was able to perform tasks at times, such as painting the front of his home. Additionally, he engaged in some social activity, such as spending his birthday and the Fourth of July with his family.

In statements from July 2018, the Veteran and his wife also expressed concern with memory loss. The Veteran explained he can read a book and won’t be able to remember the sentence he just read, his wife has to remind him to do most things, and she will tell him she just told him something, but he will not remember. VA treatment records also reflect the Veteran was assessed with memory deficits. Treatment records reflect the Veteran had an MRI in 2016 and chronic small vessel disease could be explanatory of the deficits. Even if PTSD may be related to the Veteran’s memory deficits, the record does not suggest it is so severe to cause total occupational and social impairment. There is no suggestion in the record that the Veteran’s memory loss is to the level of severity that would include memory loss for names of close relatives or an inability to be safe in the home or leave the home for daily activities without getting lost. 

An August 2019 VA examiner modified the Veteran’s diagnosis from PTSD with major depressive disorder to PTSD. She explained the Veteran’s low mood and irritability are a part of the same mental illness and fall under the umbrella of PTSD and do not constitute a separate diagnosis of major depressive disorder. She further noted depression was not a central feature of his presentation She found the following symptoms apply to the Veteran’s diagnosis: depressed mood, anxiety, and chronic sleep impairment. She opined the Veteran suffered from occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress or symptoms controlled by medication. Additionally, she noted the Veteran’s low mood and transient bouts of irritability occasionally negatively impact his ability to interact socially with others. At these times, he is withdrawn socially and behaviorally/occupationally. 

The record does not include evidence to suggest the severity, frequency, and duration of the Veteran’s symptoms reflect total occupational and social impairment. The criteria for a 100 percent rating are not met and the appeal must be denied. 

Entitlement to individual unemployability due to service-connected disabilities (TDIU) from August 13, 2019 

In a June 2018 statement, the Veteran reported he cannot work because he cannot get along with people, cannot complete tasks, and is too tired to stay awake all the time. In his November 2020 letter, the Veteran’s attorney indicates the “Veteran’s file demonstrates a longstanding history of severe symptoms associated with his service-connected conditions that have prevented him from working. “Specifically, in the June 30, 2016 VA medical record, the Veteran notes he has poor memory, forgets what he is told to do, poor concentration, inability to follow along with conversations, and trouble with focus. In a July 15, 2015 VA medical record, it was also noted that the Veteran continues to have worsening nightmares, poor sleep, irritability, difficulty with concentration, lack of appetite, and feelings of worthlessness and guilt. In an October 30, 2014 medical record, the Veteran even reported “going off the deep end.” He described this further by stating that he was easily irritable. The records trace back to at least 2012 demonstrating that his service-connected conditions have been very severe and have prevented him from being able to work.” The attorney goes on to highlight the report of the vocational expert. As noted above, this evidence may not be considered here. 

As an initial matter, the Veteran meets the schedular requirements set out in 38 C.F.R. §§ 3.340, 3.341, 4.16(a) for TDIU, as during the appellate period the Veteran was rated at 70 percent for service-connected PTSD and 20 percent for diabetes mellitus, type II. The Veteran was granted service connection for peripheral neuropathy of all extremities, effective in February 2020, after the decision on appeal. Evidence that these disabilities impair mobility may not be considered in this appeal. The Veteran also reported non-service connected heart disease and stroke impairments that may not be considered. 

The issue then is whether the Veteran’s service-connected disabilities precluded him from engaging in substantially gainful employment (i.e., work which is more than marginal, that permits the individual to earn a “living wage”). See Moore v. Derwinski, 1 Vet. App. 356 (1991). For a veteran to prevail on a claim for a TDIU rating, the record must reflect some factor, which takes this case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the veteran can perform the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993).

The record reflects the Veteran worked as a floor technician cleaning floors at a hospital. The record is inconsistent with respect to the last time the Veteran worked, why he left his last job, and his level of education. 

Service personnel records show that the Veteran served in the Army as a communications center specialist. Post-service VA education records show VA sponsored training in automobile mechanics. In a June 2011 VA examination, the Veteran reported post-service work at a laboratory and at a manufacturing business and worked as a floor technician for a contractor at a hospital. 

The Veteran first filed his claim for TDIU in October 2013. At that time, he reported he last worked full time in 2008 and that was the date he became too disabled to work. He noted his PTSD prevents him from securing or following any substantially gainful occupation. However, the Veteran noted he did not leave his last job because of his disability. He noted at that time he completed four years of high school. He indicated his symptoms have gotten worse and he is no longer able to work because of his disability. In a statement from September 2014, the Veteran reported he retired from his position as a floor technician in 2007. In contrast, in his July 2015 and August 2019 TDIU applications, he indicated he last worked full time in 1999 and checked the box indicating he left his last job because of his disability. These applications also indicated the Veteran had only three years of high school education. 

The Veteran’s December 1972 application for program of education or training indicates the Veteran graduated from high school. Considering the forms indicating the Veteran completed high school were submitted closer in time to the Veteran’s time in high school, the Board gives greater weight to these documents and finds that the Veteran has a high school level of education. 

In a July 2018 statement from the Veteran’s wife, she explained he cannot get a job because she does not know how he would react to people. He would want everything to go his way and in his previous job he would get aggravated with the people he was working with a lot.

The Board may not consider the Veteran’s age or the impairment associated with disabilities that were not service connected at the time of the decision on appeal, particularly those with physical limitations other than those associated with diabetes as discussed below. The Veteran reported difficulty getting along with co-workers because of his PTSD but the Board finds that it alone does not preclude employment in an occupation requiring work alone or in very small groups such as the janitorial occupation he performed in the past. 

The Veteran’s June 2011 VA examination reflects the Veteran reported he “managed to cope fairly well with PTSD symptoms through the years that he was working. He did go through periods of heavy drinking, and he had temper problems, but he was able to hold a job and raise his family. His problems have gotten worse since he has not had the structure of work to occupy his thoughts during the daytime. A VA exam from July 2014 reflects the Veteran reported he has not worked due to back pain. Greater weight is afforded the statements offered by the Veteran to the VA examiners and in treatment notes because they were offered in the context of providing information to a medical provider. Therefore, the Board places much less probative weight on the Veteran’s reports that he stopped working because of his PTSD. 

The medical evidence of record does support the Veteran’s contention that his PTSD symptoms worsened after he stopped working and the symptoms described by the Veteran’s attorney, noted above, are part of the medical evidence of record. However, the record does not suggest the Veteran’s reportedly severe symptoms that he experienced after he stopped working continued throughout the period on appeal or that his symptoms prevented him from engaging in substantially gainful employment. 

Specifically, the July 2014 VA examiner explained that the Veteran did not exhibit any of the severe symptoms checked off in the last evaluation. She explained his affect was not flat and he had no difficulty with complex commands, judgement, thought processes, circumstantiality, abstraction, or inappropriate behaviors. Nor were these more severe symptoms indicated in the treatment record. The examiner found that there was no indication that the Veteran’s mental health was prohibiting gainful employment. 

Additionally, the June 2018 VA examiner noted the Veteran’s PTSD limits his ability to function in an occupational environment due to irritability he experiences interacting with people, low frustration tolerance, difficulty in establishing and maintaining effective work relationships, reduced attention and concentration which makes it difficult to stay on task, and depressive symptoms he experiences secondary to his PTSD. At that time, the examiner found the Veteran had occupational and social impairment with reduced reliability and productivity. 

The August 2019 VA examiner found the Veteran suffered from depressed mood, anxiety, and chronic sleep impairment. She found that the Veteran’s low mood and transient bouts of irritability occasionally negatively impact his ability to interact socially with others. At these times, he is withdrawn socially and behaviorally/occupationally. 

Significant weight is afforded all three of these opinions because of the examiners’ expertise and thorough assessments. 

Additionally, as discussed above, the record does not include evidence to suggest the severity, frequency, and duration of the Veteran’s PTSD symptoms reflect total occupational and social impairment.

With respect to diabetes, in a June 2018 statement, the Veteran reported he has to take insulin twice a day and metformin five times a day because of his diabetes. He noted he gets dizzy and lightheaded and has to try and balance himself. It is hard to get up and walk because his sugar drops. In her July 2018 statement, the Veteran’s wife noted he tries to walk but cannot because he is falling all the time because he is dizzy.

While the Veteran is competent to describe the symptoms he experiences and his wife is competent to describe her observations, they are not competent to conclude that the symptoms described are attributable to the Veteran’s service-connected diabetes mellitus. 38 C.F.R. § 3.159(a)(2). The medical evidence confirms the Veteran’s reports of dizziness and lightheadedness. The record reflects the Veteran reported vertigo related symptoms and dizziness as early as July 2014. It was contemplated that medication for his PTSD may have had an impact on these symptoms, but, after reporting that the symptoms remained despite discontinuing the medication, the Veteran was sent to an ear nose and throat specialist for evaluation. The Veteran was assessed with vertigo. VA Treatment notes from November 2015 indicate the Veteran also likely had some issues with blood pressure/autonomic issues given his lightheadedness when standing up. Treatment notes from September 2019 indicate the Veteran’s chronic dizziness was stable and the etiology per prior notes was unclear. 

While the Board finds the Veteran’s description of his symptoms and his wife’s observations credible, the record does not include competent evidence that suggests the symptoms of lightheadedness, dizziness, falling, or trouble walking are attributable to his diabetes mellitus. 

Accordingly, the preponderance of evidence is against granting entitlement to a TDIU from August 13, 2019. As such, the benefit of the doubt doctrine is not for application in this case. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

The claim for TDIU must be denied. 

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Vemulapalli, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.