Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210412-152108
DATE: August 31, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. The Veteran had active duty from September 1966 to June 1968.

2. The Veteran's service-connected disabilities do not preclude him from securing or following a substantially gainful occupation.

CONCLUSION OF LAW

The criteria for a TDIU have not been met. 38 U.S.C. §§ 1110, 1521, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.340, 3.341, 4.16 (2020)

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In the April 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

In January 2021, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a January 2021 rating decision. The agency of original jurisdiction (AOJ) discovered a duty to assist violation, and then issued a March 2021 rating decision which included evidence submitted after the initial decision. Therefore, the Board may only consider the evidence of record at the time of the March 2021 rating decision. 38 C.F.R. § 20.301.

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated as totally disabled. 38 C.F.R. § 4.16. Substantially gainful employment is that employment that is ordinarily followed by the nondisabled to earn their livelihoods with earnings common to the particular occupation in the community where the veteran resides. Moore v. Derwinski, 1 Vet. App. 356 (1991). Marginal employment will not be considered substantially gainful employment. 38 C.F.R. § 4.16(a).

A TDIU may be assigned, if the scheduler rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that if there is only one such disability it is ratable at 60 percent or more, and that if there are two or more such disabilities at least one is ratable at 40 percent or more and the combined rating is 70 percent or more. 38 C.F.R. § 4.16(a).

The central inquiry is whether the veteran's service-connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). Neither nonservice-connected disabilities nor advancing age may be considered in the determination. 38 C.F.R. §§ 3.341, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

The Veteran claims his service-connected disabilities are sufficient to produce unemployability. For the appeal period, he is service connected for posttraumatic stress disorder (PTSD) at 70 percent, the residuals of prostate cancer at 20 percent, shrapnel scars in the chest at 10 percent, and shrapnel scars in the neck and right wrist, bilateral plantar warts, erectile dysfunction (ED), and nontender scar due to prostatectomy at a noncompensable level. As such, he has a total combined rating of 80 percent for the entirety of the appeal period, with PTSD rated as at least 40 percent and such may qualify for a schedular TDIU.

The Veteran submitted a July 2020 application for increased compensation based on unemployability (application), and stated he became too disabled to work in 2016, after which he stopped working as a self-employed rancher. He told a December 2020 VA examiner that he performed occasional part-time ranching work but given his application and lack of any other conflicting evidence, he is recognized as not having full-time or substantially gainful employment during the appeal period. In the same application, he stated he had attended three years of college, studying agricultural management. 

Turning next to the medical evidence, a December 2020 VA examiner found that PTSD resulted in symptoms of depressed mood; anxiety; suspiciousness; chronic sleep impairment; impairment of short and long term memory for example retention of only highly learned material while forgetting to complete tasks; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; difficulty in adapting to stressful circumstances including work or a work like setting; inability to establish and maintain effective relationships; impaired impulse control such as unprovoked irritability with periods of violence, resulting in occupational and social impairment with occasional decrease in work efficiency. The Veteran stated he had no contact with his children and worked as a rancher intermittently. He also described having previously been arrested and having problems with the authorities in Nevada regarding land issues. The examiner noted he was mild, candid, engaged, and not severely depressed, anxious, or suicidal, and determined he was financially competent.

As to the functional impact caused by PTSD, the examiner found that based on the symptoms above, he had limitations of engagement and relationships as well as the stamina of his attention, and performance which interfered with his ability to perform regular employment. 

November 2020 VA medical records show he had negative depression and PTSD screenings, with no suicidal ideation indicated, but was constantly on-guard, watchful, or easily startled. There are no other medical records during the appeal period referring to PTSD treatment. Slightly prior, an April 2019 VA examiner found he did not have a clinical diagnosis of PTSD, and that his symptoms were suspiciousness and chronic sleep impairment. During the examination, the Veteran described having a few close friends, but diminished contact with his children. He also stated that he had not been diagnosed with or treated for a psychiatric disorder prior to that examination. Finally, the Veteran wrote in his July 2020 application that he struggles with interpersonal skills and dealing with people, and his inability to cultivate social and occupational relationships was a significant barrier to gainful employment. 

Next, as to the residuals of prostate cancer, his medical records do not show any treatment during the appeal period. March 2020 VA medical records show his prostate cancer described as stable. PSA levels were measured at 0.18 in July 2019. A March 2019 VA examiner found that he did have a voiding dysfunction which caused urine leakage but did not require the wearing of absorbent material, with increased urinary frequency of daytime voiding intervals between one and two hours, and nighttime awakening to void three to four times, with hesitancy and a weak stream. Additionally, the examiner noted ED that was interrelated. The examiner found the functional impact of his residual symptoms was that he had to be near a restroom.

As to his remaining service-connected disabilities, his scars were last examined in April 2015 and no functional impairment was noted. Similarly, the VA medical records during and proximate to the appeal period fail to show any functional impairment caused by his service-connected scars. An April 2015 VA examiner similarly found no functional impairment caused by his ED, and none is reflected in his VA or private treatment records.

Collectively, the medical evidence demonstrates that his ability to obtain and follow substantially gainful employment is impacted by the necessity of being located nearby a bathroom due to the residuals of service-connected prostate cancer, and his difficulty working with others, staying focused, and memory impairment caused by PTSD. As noted by the December 2020 VA examiner, his PTSD symptoms would interfere with his ability to perform regular employment. PTSD, as reflected by its assigned rating, causes functional impairment. However, in combination his functional impact of other disabilities does not preclude employment. He stated during the December 2020 VA examination he continued to work as a rancher intermittently. While that does not show in and of itself show that he is gainfully employed, it is evidence of his potential employability. 

The examiner noted impaired impulse control and a past arrest record noting 'problems with authorities in Nevada regarding land issues.' However, no control issues were noted while dealing with coworkers or customers. 

Finally, while it is undisputed that PTSD symptoms would impact his ability to interact with customers, other than proximity to a bathroom, his service-connected disabilities do not preclude him from manual labor in a noncustomer or client-facing role. The Board may not consider age or nonservice-connected disabilities when assessing a TDIU. Given that the functional impairment of his disabilities has not been shown to impact his ability to walk, carry, lift, or drive, the medical evidence does not then support that his service-connected disabilities prevent him from obtaining or maintaining substantially gainful employment. 

The Board has considered the lay statements and testimony of the Veteran regarding his capacity to work throughout the entire period on appeal. While he is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses, he is not competent to identify a specific level of symptomatology sufficient to satisfy the requirements of 38 C.F.R. § 4.16(a). 

Such competent evidence concerning the nature and extent of the Veteran's employability has been provided by the medical personnel who have examined him during the current appeal and who have rendered pertinent opinions in conjunction with the evaluations. The medical findings (as provided in the examination reports and other clinical evidence) directly address the criteria under which his employability is evaluated. 

Moreover, as the examiners have the requisite medical expertise to render medical opinions regarding the impact of the Veteran's service-connected disabilities on his capacity to work and had sufficient facts and data on which to base the conclusions, the Board affords the medical opinions great probative value. As such, these records are more probative than the Veteran's subjective evidence of unemployability, and the appeal is denied.

The Veteran's representative has also challenged the findings of the December 2020 VA examination, in an April 2021 statement submitted alongside the 10182 NOD, citing the alleged failure by the examiner to follow the instructions provided by the AOJ to comment on the effects of the Veteran's service-connected disabilities on his ability to function in an occupational environment and to describe any identified functional limitations. However, the Board has reviewed the December 2020 VA examination and finds that it was adequate for rating purposes. Specifically, the examiner completely addressed all the sections in the Disability Benefits Questionnaire, including reviewing the claims folder, conducting an in-person examination, identifying a diagnosis, obtaining a medical history from the Veteran, identifying the current symptoms and treatment, and finally, assessing the functional impairment of those symptoms. For the assessment of functional impairment, the examiner synthesized how the symptoms addressed in the examination would impact employment. While this did not result in an extended discussion, it was in line with the question asked to the examiner, and for that reason, and those summarized above, the Board finds that the examination was adequate, despite the Veteran and his representative's assertion to the contrary.

In an August 2021 submission, the Veteran's representative noted other potential conditions for which the Veteran is not service-connected. The Veteran may file a claim for these conditions on a standardized form. 

(Continued on the next page)

 

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board's consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

Emily Tamlyn

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Brendan A. Evans, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.